642 F.2d 273
 26 Fair Empl.Prac.Cas. 288,
25 Empl. Prac. Dec. P 31,762
Barbara ST. JOHN, Plaintiff-Appellee,
v.
EMPLOYMENT DEVELOPMENT DEPARTMENT, Defendant-Appellant.
Barbara ST. JOHN, Plaintiff-Appellant,
v.
EMPLOYMENT DEVELOPMENT DEPARTMENT, Defendant-Appellee.
 Nos. 79-4031, 79-4105.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 2, 1980.
Decided Feb. 23, 1981.
 
 Elizabeth C. Brandt, Deputy Atty. Gen., Sacramento, Cal., for Employment Dev. Dept.
 M. Lee Hunt, Joy Oliver, Hunt & Oliver, San Rafael, Cal., for plaintiff-appellee.
 Appeal from the United States District Court for the Eastern District of California.
 Before SCHROEDER and FARRIS, Circuit Judges, and HARRIS,* District Judge.
 FARRIS, Circuit Judge.
 
 
 1
 The California Employment Development Department appeals the district court's finding that its transfer of Barbara St. John from the Department's Equal Employment Opportunity Unit to another job of the same pay and status constitutes retaliation for her filing of a complaint with the Equal Employment Opportunity Commission, see 42 U.S.C. § 2000e-3(a) (1976), and the court's award to St. John of attorney's fees, see 42 U.S.C. § 2000e-5(k) (1976). St. John cross-appeals the district court's refusal to grant her reinstatement. We affirm in both appeals.
 
 
 2
 Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) (1976), provides that:
 
 
 3
 It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by (Title VII), or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under (Title VII).
 
 
 4
 The district court concluded that the Department's transfer of St. John to another work assignment violated this provision.
 
 
 5
 The Department asserts that the transfer was not because St. John "made a charge" or "participated ... in an investigation" within the meaning of section 704(a). Instead, it claims that the transfer was a non-retaliatory response to the conflict of interest with St. John's job responsibilities created by filing the charge. The district court found the conflict of interest to be the sole motivation for St. John's transfer, but concluded that it did not justify the transfer.
 
 
 6
 The Department argues that it transferred St. John not because she filed a charge, but rather because of the resulting conflict of interest. In this case the two are inseparable. The Department cites two cases in which employers were allowed to take actions against employees who, as a result of getting "caught up" in their grievances, inadequately performed their jobs. Hochstadt v. Worcester Foundation, 545 F.2d 222, 229-30 (1st Cir. 1976); Doe v. AFL-CIO, 405 F.Supp. 389, 394 (N.D.Ga.1975), aff'd mem., 537 F.2d 1141 (5th Cir. 1976), cert. denied, 429 U.S. 1102, 97 S.Ct. 1127, 51 L.Ed.2d 552 (1977). These cases do not control here because in each the employee took actions that independently provided support for the employer's action. The district court found that the filing of the complaint was the sole action by St. John that caused her transfer. We uphold that finding.
 
 
 7
 The Department also cites the EEOC's decision in Andreev v. National Broadcasting Co., 1973 E.E.O.C. Dec. (CCH) P 6380. In Andreev, NBC "requested a female personnel coordinator to refrain from being a source person for the Women's Rights Committee because of her position in the Personnel Department." Id. at 4175. Although the EEOC noted that her activities with the Women's Rights Committee created a potential conflict of interest with her role as a personnel coordinator and that NBC's concern was "a valid and legitimate concern which does not constitute retaliation," id., it indicated NBC could not act on that interest by actually affecting the coordinator's job status. Andreev only indicates that a potential conflict of interest can justify an employer admonishing an employee to remain loyal.
 
 
 8
 The Department's second defense to St. John's claim of retaliation is that its actions were motivated by a business necessity. It accordingly seeks shelter in the business necessity doctrine of Griggs v. Duke Power Co., 401 U.S. 424, 431, 91 S.Ct. 849, 853, 28 L.Ed.2d 158 (1971). The Tenth Circuit has held that business necessity may justify retaliation. See Barela v. United Nuclear Corp., 462 F.2d 149, 152 & n.5 (10th Cir. 1972) (apparently accepting business necessity as an appropriate defense in principle, but holding that it had not been established). We need not reach that issue here, however, because the district court concluded that in the circumstances of this case the appearance of a conflict of interest did not justify the transfer. We see no reason to upset that determination. But cf. Smith v. Singer Co., 20 Empl.Prac.Dec. (CCH) P 30,144 (N.D.Cal. June 1, 1979), appeal docketed, No. 79-4473 (9th Cir. June 28, 1979) (accepting a business necessity justification for retaliation against the employer's affirmative action officer).
 
 
 9
 Even though not establishing a business necessity defense, the conflict of interest may tend to undermine policies central to Title VII. Voluntary compliance is Title VII's preferred method for promoting the goal of nondiscrimination; it also is the reason for the EEOC's existence. See generally Alexander v. Gardner-Denver Co., 415 U.S. 36, 44, 94 S.Ct. 1011, 1017-18, 39 L.Ed.2d 147 (1974). It may be that the fundamental policies of Title VII require that voluntary compliance be encouraged by allowing an employer's transfer of a complaining employee to a position without EEOC contact, but otherwise equivalent. Because the Department has not made this argument either at trial or on appeal, we decline to consider the argument as a ground for reversal. See generally United States v. Spector, 343 U.S. 169, 172, 72 S.Ct. 591, 593, 96 L.Ed. 863 (1952).
 
 
 10
 The district court refused to order reinstatement even though it held that St. John's transfer violated section 704(a). Noting that St. John had in fact breached confidences acquired in her employment, the court held that St. John's conduct, although unknown to the Department, could affect the remedy. The court then invoked the clean hands doctrine to preclude the equitable remedy of reinstatement.
 
 
 11
 St. John appeals this ruling. She attacks the district court's refusal to order reinstatement on three grounds. First, she asserts that the evidence of her misconduct should have been excluded as privileged and irrelevant. We reject this assertion. Cf. Pettway v. American Cast Iron Pipe Co., 411 F.2d 998, 1007 (5th Cir. 1969) (although not invalidating a charge filed with EEOC, false and malicious material contained in complaint considered by court, and may form basis of defamation charge).
 
 
 12
 Next, St. John asserts that once the district court found retaliation, it was required to make her whole. We disagree. Section 706(g) of Title VII, 42 U.S.C. § 2000e-5(g) (1976), provides that a court "may ... order such affirmative action as may be appropriate, which may include ... reinstatement ...." Courts have read this subsection to require that principles of equity be considered in determining what relief is appropriate. See EEOC v. Kallir, Philips, Ross, Inc., 420 F.Supp. 919, 926-27 (S.D.N.Y.1976), aff'd mem., 559 F.2d 1203 (2d Cir.), cert. denied, 434 U.S. 920 (1977); see also Vant Hul v. City of Dell Rapids, 462 F.Supp. 828, 834 & n.5 (D.S.D.1978).
 
 
 13
 St. John's final contention is that her conduct, if improper at all, was not so egregious as to preclude reinstatement under principles of equity. The district court found that St. John "had been sending statements, letters, and memos to Phil Kay, an investigator from the EEOC, based upon materials she acquired as a member of the EEO unit." Our review of the record indicates that, although perhaps not the only possible finding, the district court's finding was supported by the evidence. Had the Department been aware of St. John's conduct, it could have transferred her. See Hochstadt v. Worcester Foundation, 545 F.2d 222, 231 (1st Cir. 1976); Doe v. AFL-CIO, 405 F.Supp. 389, 394 (N.D.Ga.1975), aff'd mem., 537 F.2d 1141 (5th Cir. 1976), cert. denied, 429 U.S. 1102, 97 S.Ct. 1127, 51 L.Ed.2d 552 (1977). The trial court could properly find that reinstatement was not appropriate in these circumstances.
 
 
 14
 Affirmed.
 
 
 
 *
 Honorable Oren Harris, Senior Judge, United States District Court for the Eastern and Western Districts of Arkansas, sitting by designation